**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BILLY PETTYPOOL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:02CV472-DJS |
| ) | |
| LARRY ROWLEY, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On February 22, 2000, petitioner Billy Pettypool pled guilty to First Degree Statutory Rape. Subsequently, the Circuit Court of Jefferson County, Missouri sentenced petitioner to 22 years' imprisonment. On April 1, 2002, petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C §2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) for recommended disposition. The Report and Recommendation ("R&R") issued on August 5, 2005 recommending that petitioner's habeas petition be denied as petitioner failed to exhaust his state remedies. Petitioner has now filed his objections to the R&R. The Court, pursuant to 28 U.S.C. §636(b), reviews de novo those portions of the R&R to which objections are made. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b).

A habeas petitioner under §2254 must satisfy the related but distinct doctrines of exhaustion of state remedies and procedural default. As to the former, "[a] federal court...will not hear a claim if the petitioner has not exhausted all available state remedies unless further litigation in the state courts would be futile or unless the state waives this requirement under certain circumstances." Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). Under the doctrine of procedural bar:

> A default under a state procedural rule bars consideration of a federal claim presented to the state courts if the last state court to review the claim specifically rested its decision on an adequate and independent state ground unless the petitioner can demonstrate either cause and prejudice, or a "fundamental miscarriage of justice."

Id., *quoting* Harris v. Reed, 489 U.S. 255, 260-63 (1989). "Cause" in this context generally requires "some objective factor external to the defense" which impeded counsel's ability to preserve the claim through the appellate process. Murray v. Carrier, 477 U.S. 478, 488 (1986).

In the case at bar, petitioner filed a pro se post-conviction motion asserting ineffective assistance of counsel, that his confession was coerced, and that his guilty plea was unlawfully induced. After the appointment of counsel, petitioner filed a statement with the motion court stating that there were no claims that could be raised that stood any chance of success. After the motion court denied petitioner's post-conviction motion, petitioner

timely appealed to the Missouri Court of Appeals. In his appeal, petitioner asserted the single ground that his counsel had been ineffective by advising him that he would not have to serve 85% of his sentence. The Court of Appeals rejected the post-conviction appeal on December 26, 2001.

In the instant amended petition, petitioner raises five grounds for habeas relief: (1) that his plea was not lawfully induced or voluntary, (2) that his confession was coerced, (3) that his privilege against self-incrimination was violated, (4) that his trial counsel was ineffective, and (5) that the indictment or information brought against him was defective. The Magistrate Judge found that petitioner had failed to raise these claims in his post-conviction relief or in his appeal from the denial of post-conviction relief and that the claims are therefore procedurally barred. In his objections to the R&R, petitioner argues the merits of his five claims for habeas relief and does not address the Magistrate's recommendation that the claims are procedurally barred. As the claims are procedurally barred, petitioner's arguments on the merits are unavailing.

Failure to persist in the advancement of a claim through appeal of a post-conviction motion creates a procedural bar to federal habeas corpus consideration. Gilmore v. Armontrout, 861 F.2d 1061, 1064-65 & n.8 (8th Cir. 1988). Petitioner's only claim in his post-conviction appeal was that counsel was ineffective. Therefore, petitioner's claims of involuntary plea, coerced

confession, violation of his Fifth Amendment privilege, and defective indictment are procedurally barred. Petitioner failed to persist in these claims in his state post-conviction proceedings and has offered no "cause" that impeded his ability to preserve the claims through the appellate process. Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner's only claim in his post-conviction appeal was that his counsel was ineffective for advising him that he would not serve 85% of his sentence. In the instant petition, petitioner alleges that he attempted to gain different counsel because trial counsel "refused to help me with my case and when I tried to dismiss her, I was told that I could not because I was appointed her by a judge." Pet., Doc. #4, p. 6. In order to preserve a claim for federal habeas corpus review, petitioner must have presented the *same* constitutional claim to the state courts. The Eighth Circuit has commented:

> Mere similarity between the state law claims and the federal habeas claims is insufficient: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." [Duncan v.] Henry, 513 U.S. [364], 365-66 [(1995)].

McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). While both petitioner's instant claim and his post-conviction appeal claim are couched in terms of ineffective assistance of counsel, the facts supporting the claims are divergent and it is not clear that

4

petitioner fairly presented the instant ineffective assistance claim to the state courts.

However, even if petitioner's claim of ineffective assistance of counsel is not procedurally barred, the claim fails on the merits. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petition may not be granted unless the state court's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d). In other words, a federal court "may not grant a writ of habeas corpus unless the relevant state court decision is *both* wrong *and* unreasonable." Colvin v. Taylor, 324 F.3d 583, 587 (8th Cir. 2003) (emphasis in original). To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A petitioner convicted upon his guilty plea must show that, but for counsel's alleged errors, he would not have pled

guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985).

At the time of his sentencing, the trial court entered into an exchange with petitioner in which petitioner stated that he was satisfied with his counsel's performance, that she did all that petitioner had asked her to do, and that he had no complaints about the services of his attorney. Resp't. Ex. B at 10-12. Petitioner also stated that he had received the sentence he expected under the plea bargain. <u>Id.</u> Petitioner has not established any error by trial counsel that caused him to plead guilty. Therefore, evaluating petitioner's claim of ineffective assistance of counsel under the "unreasonable application" standard, the claim fails. As the state court's similar determination was not contrary to or an unreasonable application of clearly established federal law, petitioner is not entitled to habeas relief. Petitioner's objections to the Report and Recommendation will therefore be overruled and the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the Report and Recommendation of the United States Magistrate Judge [Doc. #30] are overruled.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation [Doc. #29] is accepted and adopted.

Dated this   29th   day of August, 2005.


                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE